1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DONALD JOSEPH BERRY,

11              Petitioner,              No. 2:10-cv-0305 WBS JFM (HC)

12       vs.

13   FRANCISCO JACQUEZ,                  ORDER AND

14              Respondent.              FINDINGS & RECOMMENDATIONS

15   _____/

16          Petitioner, a state prisoner proceeding with counsel, has filed an application for a

17   writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On April 11, 2011, petitioner filed an

18   amended petition and a motion to stay.  Respondent opposes both the filing of the amended

19   petition and the motion to stay.  Upon review of the motions, the documents in support and

20   opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

21                   FACTUAL AND PROCEDURAL BACKGROUND

22          On December 20, 2007, a jury convicted petitioner in Weaverville, CA of second

23   degree murder and corporal injury of a cohabitant with an enhancement for assault with a

24   firearm.  Lodgment ("LD") 4 at 1.  He was sentenced to twenty-five years to life.  Id. at 2.

25          On direct appeal, petitioner raised the following grounds for relief: (1) the trial

26   court improperly instructed the jury on mutual combat; (2) the trial court improperly instructed

the jury on felony murder based on a felony which is dangerous to human life in violation of Due Process and California law; (3) the trial court erroneously permitted expert testimony on battered woman syndrome and erroneously excluded statements of the victim regarding her state of mind; (4) the trial court erred by excluding evidence of a statement petitioner reportedly made to a defense investigator after the killing that included a reference to the victim attacking him with scissors; (5) cumulative error; (6) the upper terms were imposed erroneously on counts two and three without an adequate statement of reasons and in violation of petitioner's Sixth Amendment rights; and (7) the abstract of judgment failed to reflect that counts two and three were stayed by the trial court.  LD 1.

On October 9, 2009, the California Court of Appeal, Third Appellate District, affirmed petitioner's conviction and sentence in an unpublished opinion.  LD 4.

Petitioner appealed to the California Supreme Court, which denied the petition for review on January 13, 2010.  LD 6.  Petitioner did not appeal to the United States Supreme Court.  Petitioner also did not file any applications for post-conviction relief or collateral review in the state courts.

On February 5, 2010, petitioner filed a petition for writ of habeas corpus in this court setting forth three grounds for relief: (1) the trial court improperly instructed the jury on mutual combat; (2) the trial court improperly instructed the jury on felony murder based on a felony which is dangerous to human life in violation of Due Process and California law; and (3) the trial court erred by excluding evidence of a statement petitioner reportedly made to a defense investigator after the killing that included a reference to the victim attacking him with scissors. On July 13, 2010, respondent filed an answer.

On September 15, 2010, petitioner filed a motion for a competency hearing.  That motion was filed by a jailhouse lawyer who asserted that, in light of petitioner's mental capacity, petitioner would be unable to function competently in his own defense.  On October 1, 2010, petitioner's state appellate counsel filed a letter also questioning petitioner's mental capacity.

On October 19, 2010, the undersigned ordered the Federal Defender to determine whether petitioner qualified for appointment of counsel pursuant to 18 U.S.C. § 2006A and, if so, whether petitioner's state appellate counsel should be appointed. The Federal Defender met with petitioner on November 30, 2010 and subsequently determined that petitioner did appear to qualify for appointment of counsel; petitioner requested that someone other than his state appellate counsel be appointed. Thereafter, the Federal Defender was appointed, but was unable to continue their representation of petitioner. On January 28, 2011, John Balazs was appointed to represent petitioner.

On April 11, 2011, petitioner, through newly appointed counsel, filed a first amended petition and a motion to stay. In the amended petition, petitioner sets forth four grounds for relief: (1) the trial court improperly instructed the jury on mutual combat; (2) the trial court improperly instructed the jury on felony murder; (3) ineffective assistance of counsel for trial counsel's failure to move to exclude testimony of witnesses, to object to privileged testimony, to object to improper jury instructions, and to object to sentencing errors; and (4) cumulative error. On April 18, 2011, respondent filed an opposition. Also on April 18, 2011, petitioner filed a reply with a request for leave to file the amended petition.

On August 29, 2011, the undersigned ordered petitioner to submit supplemental briefing concerning his mental health problems. On September 14, 2011, petitioner submitted a response to the court's order.

DISCUSSION

A.      Request for Leave to Amend

An application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of civil procedure applicable to civil actions." 28 U.S.C. § 2242. See also Rule 11, Fed. R. Governing § 2254 Cases (providing that the Federal Rules of Civil Procedure may be applied in habeas corpus proceedings to the extent that the rules of civil procedure are not inconsistent with any statutory provision or with the rules governing habeas cases); Fed. R.

3

1  Civ. P. 81(a)(4) (providing that the Federal Rules of Civil Procedure are applicable to habeas

2  corpus proceedings).  Under Federal Rule of Civil Procedure 15(a), a habeas petitioner may

3  amend his pleadings once as a matter of course before a responsive pleading is served and may

4  seek leave of court to amend his pleading at any time during the proceeding.  Mayle v. Felix, 545

5  U.S. 644 (2005).

6          The amended petition proposes to add a claim for ineffective assistance of trial

7  counsel.  This claim is unexhausted and is presently pending before the California Supreme

8  Court in a petition for writ of habeas corpus.  See Mot. to Stay, Attach.  Petitioner seeks leave to

9  file the amended petition due to his lack of education, mental health problems, the size of the

10  record and the complexity of the murder case.  These arguments are made by petitioner's

11  counsel, who was appointed nearly one year after the underlying petition was filed by petitioner

12  proceeding pro se.  Because leave to amend should be freely given, see Fed. R. Civ. P. 15(a), and

13  because respondent has not shown that he would be prejudiced by the amendment, the court will

14  grant petitioner's request for leave to amend.

15  B.      Motion to Stay

16          Having granted petitioner's request for leave to amend, the court now turns to

17  petitioner's motion to stay the mixed petition pending exhaustion of the newly added ineffective

18  assistance of counsel claim.  Respondent opposes the motion on the ground that good cause has

19  not been shown for failure to exhaust and because the new claim lacks merit.

20          The exhaustion of state court remedies is a prerequisite to the granting of a

21  petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must

22  be waived explicitly by respondents' counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion,

23  thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by

24  providing the highest state court with a full and fair opportunity to consider all claims before

25  ─────────────────

26          [1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

4

1  presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.

2  Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).  The United States

3  Supreme Court has held that a federal district court may not entertain a petition for habeas

4  corpus unless the petitioner has exhausted state remedies with respect to each of the claims

5  raised.  Rose v. Lundy, 455 U.S. 509 (1982).

6        The Ninth Circuit Court of Appeals has recently clarified the procedures for

7  analyzing stay-and-abeyance motions.  See King v. Ryan, 564 F.3d 1133 (9th Cir. 2009).  There

8  are two approaches for analyzing a motion for a stay-and-abeyance, depending on whether the

9  petition is mixed or fully exhausted.  See id. at 1135-36; Jackson v. Roe, 425 F.3d 654, 661 (9th

10  Cir. 2005).  If the petitioner seeks a stay-and-abeyance order as to a mixed petition containing

11  both exhausted and unexhausted claims, the request can be analyzed under the standard

12  announced by the Supreme Court in Rhines v. Weber, 544 U.S. 269 (2005).  See Jackson, 425

13  F.3d at 661.  If, however, the petition currently on file is fully exhausted, and what petitioner

14  seeks is a stay-and-abeyance order to exhaust claims not raised in the current federal petition, the

15  approach set out in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds by

16  Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007), applies.  See Jackson, 425 F.3d at 661.

17        Under Rhines, a district court has discretion to stay a mixed petition to allow a

18  petitioner time to return to state court to present the unexhausted claim and then return to federal

19  court for review of his perfected petition.  Rhines, 544 U.S. at 276.  This stay and abeyance is

20  available in limited circumstances, and only when: (1) there is "good cause" for the failure to

21  exhaust; (2) the unexhausted claims are potentially meritorious; and (3) the petitioner did not

22  intentionally engage in dilatory litigation tactics.  Rhines stays and holds in abeyance both the

23  exhausted and unexhausted claims.

24        In contrast, under Kelly, a district court has discretion to stay a fully exhausted

25  petition.  See King, 564 F.3d at 1140-41.  Under Kelly's three-step procedure: (1) a petitioner

26  files an amended federal petition deleting his unexhausted claims; (2) the district court "stays

1    and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity

2    to proceed to state court to exhaust the deleted claims"; and (3) petitioner later amends his

3    petition and reattaches "the newly-exhausted claims to the original petition." Id. at 1135.  Under

4    Kelly, similar to Rhines, a stay and abeyance order is appropriate only if petitioner has

5    demonstrated the unexhausted claims are valid, not "plainly meritless," and that he is diligently

6    pursuing his state court remedies with respect to these claims.  Id. at 1070.  Thus in order to

7    grant a stay and abeyance under Kelly, a court must determine that a petitioner's unexhausted

8    claim is not barred by the statute of limitations and also raises a valid and not otherwise "plainly

9    meritless" claim.

10          In the amended petition, petitioner presents a new, unexhausted claim for

11   ineffective assistance of counsel.  Petitioner's remaining claims are exhausted.  Thus, because

12   the amended petition contains both exhausted and unexhausted claims, it is a mixed petition and

13   the Rhines three-step test applies.

14          Rhines's first step concerns a 'good cause' determination for petitioner's failure

15   to exhaust.  Rhines does not go into detail as to what constitutes good cause for failure to

16   exhaust, and the Ninth Circuit has provided no clear guidance beyond holding that the test is less

17   stringent than an "extraordinary circumstances" standard.  Jackson v. Roe, 425 F.3d 654, 661-62

18   (9th Cir. 2005).  Several district courts have concluded that the standard is more generous than

19   the showing needed for "cause" to excuse a procedural default.  See, e.g., Rhines v. Weber, 408

20   F. Supp. 2d 844, 849 (D.S.D. 2005) (applying the Supreme Court's mandate on remand).  This

21   view finds support in Pace v. DiGuglielmo, 544 U.S. 408 (2005), where the Supreme Court

22   acknowledged that a petitioner's "reasonable confusion" about the timeliness of his federal

23   petition would generally constitute good cause for his failure to exhaust state remedies before

24   filing his federal petition.  544 U.S. at 416-17.

25          However, in Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), the Ninth Circuit

26   ruled that petitioner did not show good cause by arguing that he was "under the impression" that

1    his counsel had raised all claims before the state court of appeal.  <u>Wooten</u>, 540 F.3d at 1024.

2    The Ninth Circuit explained that finding good cause in that argument "would render

3    stay-and-abey orders routine" and "would run afoul of <u>Rhines</u> and its instruction that district

4    courts should only stay mixed petitions in 'limited circumstances.'"  <u>Wooten</u>, 540 F.3d at 1024.

5           The following facts are relevant to the good cause determination.  Direct review

6    of petitioner's state court conviction concluded on April 13, 2010 when the time for seeking

7    review before the United States Supreme Court expired.  On February 5, 2010, petitioner filed a

8    habeas petition in this court.  Thus, his petition is timely.  He now seeks a stay pending

9    resolution of a habeas petition he filed in the California Supreme Court on April 4, 2011

10   asserting a claim for ineffective assistance of trial counsel.  Petitioner explains the delay in filing

11   that petition by stating "I am filing this petition as soon as practicable after my state appeal

12   became final.  I have limited access to a law library and limited education, and I am assisted by

13   attorney Balazs, see ## 16-17."  Mot. to Stay, Attach. at 6.  In his declaration submitted with the

14   motion to stay, counsel for petitioner declares that a stay is necessary because petitioner "suffers

15   from learning disabilities and mental health problems that would have made it difficult, if not

16   impossible, for him to evaluate his case in order to determine on his own any potential legal

17   claims and whether he needed to file a state petition to exhaust claims."  <u>Id.</u>, ¶ 3.

18          Petitioner's lack of access to a law library does not constitute good cause pursuant

19   to <u>Rhines</u>.  "[T]he Constitution does not guarantee a prisoner unlimited access to a law library."

20   <u>Lindquist v. Idaho State Bd. of Corrections</u>, 776 F.2d 851, 858 (9th Cir. 1985).  <u>See</u> <u>also</u> <u>Stull v.</u>

21   <u>Hedgpeth</u>, 2010 WL 1403942 (E.D. Cal. 2010).  Petitioner's argument that he has a limited

22   education also fails.  <u>See</u> <u>Hernandez v. California</u>, 2010 WL 1854416, *2-3 (N.D. Cal. 2010)

23   (concluding that limited education, lack of legal assistance, and routine restrictions on law

24   library access were insufficient to satisfy the <u>Rhines</u> good cause requirement).  Allowing a stay

25   for either of these reasons would be contrary to <u>Rhines</u>'s command that stays be issued on in

26   limited circumstances.  <u>See</u> <u>Wooten</u>, 540 F.3d at 1024.

1    Petitioner has, however, presented good cause with respect to his mental health

2    problems, evidence of which was presented in supplemental briefing filed September 14, 2011.

3    See Taylor v. McDaniel, 2011 WL 1322783, at *2 (D. Nev. 2011) ("In the present case, the

4    Court finds that petitioner's mental health difficulties, his borderline intellectual functioning, and

5    the substantial variations in his mental health medication regimen, as detailed in the briefing on

6    the motion to dismiss, are sufficient to clear the less stringent threshold required to establish

7    good cause under Rhines"); Ranteesi v. Grounds, 2010 WL 2089317 (E.D. Cal. 2010); Watts v.

8    Adams, 2010 WL 1838093 (E.D. Cal. 2010).  The court further finds that the unexhausted claim

9    is potentially meritorious and the petitioner did not intentionally engage in dilatory litigation

10   tactics. Accordingly, petitioner's motion for stay should be granted.

11           Based thereon, IT IS HEREBY ORDERED that petitioner's motion to amend is

12   granted;

13           IT IS HEREBY RECOMMENDED that petitioner's request to stay this action be

14   granted.

15           These findings and recommendations are submitted to the United States District

16   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

17   days after being served with these findings and recommendations, any party may file written

18   objections with the court and serve a copy on all parties.  Such a document should be captioned

19   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

20   objections shall be filed and served within fourteen days after service of the objections.  The

21   /////

22   /////

23   /////

24   /////

25   /////

26   /////

8

1  parties are advised that failure to file objections within the specified time may waive the right to

2  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: October 4, 2011.

UNITED STATES MAGISTRATE JUDGE

/014;berr0305.stay